# EXHIBIT 1

## 2279CV00128 Herrick, Robert vs. Hose Assemblies, Inc et al

- Case Type:
- Torts
- Case Status:
- Open
- File Date
- 02/22/2022
- DCM Track:
- F - Fast Track
- Initiating Action:
- Other Negligence - Personal Injury / Property Damage
- Status Date:
- 02/22/2022
- Case Judge:
- 
- Next Event:
- 06/22/2023

| All Information | Party | Event | Tickler | Docket | Disposition |

### Party Information

**Herrick, Robert**
- Plaintiff

| Alias | Party Attorney |
|---|---|
|  | Attorney |
|  | Loftus, Esq., Katherine C |
|  | Bar Code |
|  | 692288 |
|  | Address |
|  | Loftus and Loftus PC |
|  | 732 East Broadway |
|  | Boston, MA  02127 |
|  | Phone Number |
|  | (617)268-7777 |
|  | Attorney |
|  | Loftus, III, Esq., Patrick J |
|  | Bar Code |
|  | 303310 |
|  | Address |
|  | Loftus and Loftus PC |
|  | 732 East Broadway |
|  | Boston, MA  02127 |
|  | Phone Number |
|  | (617)268-7777 |

*More Party Information*

**Hose Assemblies, Inc**
- Defendant

| Alias | Party Attorney |
|---|---|

*More Party Information*

**The Home Depot, Inc**
- Defendant

| Alias | Party Attorney |
|---|---|

*More Party Information*

**Abc Corporations 1-10**
- Defendant

| Alias | Party Attorney |
|---|---|

*More Party Information*

**John Doe(s) 1-10**
- Defendant

| Alias | Party Attorney |
|---|---|

*More Party Information*

## Events

| Date | Session | Location | Type | Event Judge | Result |
|------|---------|----------|------|-------------|--------|
| 06/22/2023 02:00 PM | Civil A - Ct. Rm. 4 | | Final Pre-Trial Conference | | |

## Ticklers

| Tickler | Start Date | Due Date | Days Due | Completed Date |
|---------|-----------|----------|----------|----------------|
| Service | 02/22/2022 | 05/23/2022 | 90 | |
| Answer | 02/22/2022 | 06/22/2022 | 120 | |
| Rule 12/19/20 Served By | 02/22/2022 | 06/22/2022 | 120 | |
| Rule 12/19/20 Filed By | 02/22/2022 | 07/22/2022 | 150 | |
| Rule 12/19/20 Heard By | 02/22/2022 | 08/22/2022 | 181 | |
| Rule 15 Served By | 02/22/2022 | 06/22/2022 | 120 | |
| Rule 15 Filed By | 02/22/2022 | 07/22/2022 | 150 | |
| Rule 15 Heard By | 02/22/2022 | 08/22/2022 | 181 | |
| Discovery | 02/22/2022 | 12/19/2022 | 300 | |
| Rule 56 Served By | 02/22/2022 | 01/18/2023 | 330 | |
| Rule 56 Filed By | 02/22/2022 | 02/17/2023 | 360 | |
| Final Pre-Trial Conference | 02/22/2022 | 06/20/2023 | 483 | |
| Judgment | 02/22/2022 | 02/22/2024 | 730 | |

## Docket Information

| Docket Date | Docket Text | File Ref Nbr. | Image Avail. |
|-------------|-------------|---------------|--------------|
| 02/22/2022 | Complaint electronically filed. | 1 | Image |
| 02/22/2022 | Civil action cover sheet filed. | 2 | Image |
| 02/22/2022 | Plaintiff Robert Herrick's Motion for appointment of special process server. | 3 | Image |
| 02/22/2022 | Case assigned to: DCM Track F - Fast Track was added on 02/23/2022 | | Image |
| 02/23/2022 | General correspondence regarding mailed four summonses. | 4 | |
| 02/23/2022 | Endorsement on Motion for appointment of special process server. (#3.0): ALLOWED  Judge: Manitsas, Hon. James M | | Image |

## Case Disposition

| Disposition | Date | Case Judge |
|-------------|------|------------|
| Pending | | |

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN COUNTY, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION No. 22 0128

--------------------------------------------------------------------

ROBERT HERRICK,

Plaintiff,

**COMPLAINT**

-against-

HOSE ASSEMBLIES, INC., THE HOME DEPOT, INC.,
"ABC CORPORATION"(S) 1-10, and "JOHN DOE"(S)
1-10.

**02/22/2022**

Defendants.

--------------------------------------------------------------------

Plaintiff, ROBERT HERRICK, by and through his attorneys, Clausen Miller P.C., upon

information and belief, hereby alleges the following:

## INTRODUCTORY STATEMENT

Robert Herrick brings this civil action for losses suffered due to property damage to his

home.  On or about February 25, 2019, while Robert Herrick and his wife were in Florida for the

winter, the Massachusetts home of Robert Herrick suffered substantial damage after a washing

machine hose, manufactured by Hose Assemblies, Inc. and sold and installed by The Home

Depot, Inc., ABC Corporation(s) 1-10, and John Doe(s) 1-10, failed, flooded the house with

water for several weeks until it was discovered by a neighbor.  Robert Herrick now seeks to

collect damages as a result of Hose Assemblies, Inc. and Home Depot, et al.'s negligence.

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over the subject matter of this action pursuant to, *inter*

*alia*, G.L. c. 212, § 4, and G.L. c. 214, §§ 1 & 5. This Court has personal jurisdiction over the

defendants pursuant to G.L. c. 223A, § 3.

1

8037956.1

2.      Venue is proper in Hampden County pursuant to G.L. c. 223, § 1.

## PARTIES & JURISDICTION

3.      At all relevant times, ROBERT HERRICK (hereinafter "Herrick" or "Plaintiff") was an individual residing at 70 Pineridge Drive, Westfield, Massachusetts 01085-4547 (hereinafter the "Premises").

4.      At all relevant times, upon information and belief, Defendant HOSE ASSEMBLIES, INC. (hereafter "Hose Assemblies") was and is a domestic corporation, organized and existing under the laws of the State of Indianapolis, with its principal place of business located at 1906 E. McKinley Avenue, Mishawaka, Indiana 46545.

5.      At all relevant times, upon information and belief, Defendant THE HOME DEPOT, INC. (hereafter "Home Depot") was and is a domestic corporation, organized and existing under the laws of the State of Georgia, with consumer retail establishments located in the State of Massachusetts.

6.      At all relevant times, upon information and belief, ABC CORPORATION(S) 1-10, are fictitious corporations, and were agents, contractors, or subcontractors of Defendant Home Depot, performing installation services for consumer products sold through Defendant Home Depot.

7.      At all relevant times, upon information and belief, JOHN DOE(S) 1-10, were agents, employees, contractors, or subcontractors of THE HOME DEPOT, INC. and/or ABC CORPORATION(S) 1-10, performing installation services for consumer products sold through Defendant Home Depot.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

8.      At all relevant times, Herrick owned and resided at the Premises.

2

9.      On or about February 25, 2019, upon information and belief, Herrick owned a consumer washing machine (hereinafter "the washing machine"), which was located on the second floor of the Premises.

10.     Prior to February 25, 2019, Hose Assemblies manufactured washing machine hoses and/or washing machine hose assembly parts.

11.     The washing machine owned by Herrick at the Premises used hoses and/or hose assembly parts manufactured by Hose Assemblies.

12.     Prior to February 25, 2019, the washing machine owned by Herrick was sold by and contracted to be installed by Home Depot and/or ABC Corporation(s) 1-10 and/or John Doe(s) 1-10.

13.     On or about February 25, 2019, upon information and belief, a water leak occurred at the Premises, causing significant damage to the Premises and Herrick's personal property.

14.     Upon information and belief, the water leak originated at the washing machine located on the Premises.

15.     Upon information and belief, the water leak originating at the washing machine located on the Premises was due to the failure of the washing machine hose assembly.

16.     Defendant Hose Assemblies manufactured the hose assembly which failed.

17.     Defendant(s) Home Depot and/or ABC Corporation(s) 1-10 and/or John Doe(s) 1-10 sold and installed the hose assembly which failed.

18.     Defendant(s) Hose Assemblies, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 caused, permitted and allowed a dangerous and unreasonably unsafe product to be sold to Herrick and to be installed on the Premises.

3

19.     The damage to the Premises and Herrick's personal property was caused by the

acts and/or omissions of Defendant(s) in causing, permitting, and/or allowing a dangerous and

unreasonably unsafe product to be sold to Herrick and to be installed on the Premises.

20.     As a result of the water loss, Herrick sustained substantial real and personal

property damage.

21.     Herrick suffered real and/or personal property damages, and/or incurred losses

and expenses for the losses related to the destruction of the Premises due to the flooding.

## COUNT I – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

22. The averments of Paragraphs 1 through 21 above are incorporated herein by

reference as though more fully set forth below.

23. At all times relevant hereto, Hose Assembly, Home Depot, ABC Corporation(s)

1-10, and/or John Doe(s) 1-10 were engaged in the business of manufacturing, integrating,

designing, testing, inspecting, distributing, selling, installing, and/or placing into the stream of

commerce washing machines and/or component parts for washing machines, including hose

assemblies.

24. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-

10, their agents, representatives and/or employees manufactured, integrated, designed, tested,

inspected, distributed, sold and/or placed into the stream of commerce a defective product, to

wit, the washing machine installed on the Premises with a faulty hose assembly.

25. The washing machine hose assembly at the Premises was:

   a. in a defective condition and/or unreasonably dangerous at the time that
      they left Hose Assembly's and Home Depot's possession; and,

8037956.1

    b.  not changed in any manner after they left Hose Assembly's and Home Depot's possession and before they malfunctioned and failed.

26. Hose Assembly and/or Home Depot did not provide adequate warnings, directions and/or instructions, with respect to the washing machine hose assembly.

27. The defects in the washing machine hose assembly characterized in Paragraph 25 above directly and proximately caused water damage to the Premises and Herrick's personal property.

28. The washing machine hose assembly would not have failed had Hose Assembly properly manufactured, integrated, designed, tested, inspected, and, as necessary, warned Herrick with respect to the washing machine hose assembly.

29. The washing machine hose assembly would not have failed had Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 properly installed, inspected, tested, and, as necessary, warned Herrick with respect to the washing machine hose assembly.

30. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 are further liable because:

    a.  The washing machine hose assembly was manufactured, designed, tested, inspected, distributed and/or sold in a dangerous and defective condition such that susceptible to failure under normal conditions;

    b.  The washing machine hose assembly, was, by reason of its dangerous and defective condition, unsafe and unfit for its/its ordinary and represented use and purpose;

    c.  The washing machine hose assembly was manufactured, designed, tested, inspected, distributed, installed, and/or sold in such a manner that it was subject to failure;

    d.  Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 manufactured, integrated, designed, tested, inspected,

distributed, and/or sold the washing machine hose assembly, which
created an ultra-hazardous and/or unreasonably dangerous product;

e.  Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John
Doe(s) 1-10 knew, or should have known, the washing machine hose
assembly was defective, dangerous and/or unreasonably hazardous, and
therefore, Hose Assembly and/or Home Depot had a duty to warn, instruct
and/or direct Herrick of these dangers;

f.  Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John
Doe(s) 1-10 failed to warn, instruct, and or direct Herrick of the defective,
dangerous, and/or unreasonably hazardous conditions of the washing
machine hose assembly;

g.  Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John
Doe(s) 1-10 took no measures to correct or repair said dangerous and/or
defective conditions in order to avoid subjecting Herrick to an
unreasonable risk of injury or damages after Hose Assembly and/or Home
Depot knew or should have known of the risk; and/or

h.  Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John
Doe(s) 1-10 took no measures to manufacture, design, test, and/or inspect
the washing machine hose assembly, in such a way as to prevent failure.

31. In light of all the above, Hose Assembly, Home Depot, ABC Corporation(s) 1-10,

and/or John Doe(s) 1-10 are responsible and strictly liable for said loss suffered by Herrick.

32. The aforementioned defects in the washing machine hose assembly were the

proximate cause of the water loss at the Premises and the resulting damages sustained by

Herrick.

**WHEREFORE**, Plaintiff demands judgment against Defendants, jointly and severally,

together with pre-judgment and post-judgment interest, costs of this suit, and such other

relief as this Court may deem appropriate.

## COUNT II - NEGLIGENCE

6

8037956.1

33. The averments of Paragraphs 1 through 34 above are incorporated herein by reference as though more fully set forth below.

34. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 had a duty to Herrick to exercise reasonable care, and/or to make sure reasonable care was taken, to properly manufacture, assemble, design, install, inspect, test, warn of the dangers and hazards involved in the use of the washing machine hose assembly so as to prevent damage to Herrick's real and personal property.

35. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 had a duty to Herrick to exercise reasonable care and/or make sure reasonable care was taken to properly select proper and adequate materials for the manufacture, assembly, design, installation, inspection, and testing of the washing machine hose assembly, so as to ensure that such materials were suitable and adequate for their intended purposes and did not pose an unreasonable risk of damage to persons and property.

36. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 breached their duty to exercise reasonable care in the manufacture, assembly, design, installation, inspection, testing, sale of, and/or warning with respect to the washing machine hose assembly, and failed to ensure that the washing machine hose assembly and its component parts operated properly and did not pose an unreasonable risk of damage to persons and property, including the Premises and Herrick's personal property.

37. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 breached their duty to exercise reasonable care, and/or make sure reasonable care was taken, to properly select adequate materials for the manufacture, assembly, design, installation, inspection,

and testing of the washing machine hose assembly, and Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 failed to ensure that such materials were suitable and adequate for their intended purposes.

38. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 breached the aforementioned duties owed to Herrick in the manner more fully set forth above, as well as in other ways as yet unknown and to be learned in the course of discovery.

39. Herrick's damages were the direct and proximate result of the aforementioned breaches of duties of care by Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 and were the direct and proximate result of negligence, carelessness, recklessness and/or negligent acts and/or omissions of Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10.

40. Herrick's damages were in no way caused or contributed to by any act or failure to act by Herrick.

41. Plaintiff will also avail itself of the doctrine of *res ipsa loquitur*.

42. The damages suffered by Herrick do not ordinarily occur in the absence of negligence.

43. At all relevant times, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 were, at all times material and relevant to the events which lead to the cause of the water damage, in the exclusive care, custody and control of the instrumentality causing the damages alleged herein.

8037956.1

44. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 knew or should have known that the improper manufacture, integration, assembly, design, installation, inspection, testing, or sale of, and/or improper or inadequate warning with respect to, the washing machine hose assembly could result in loss of life, limb, and/or property, and that a high degree of danger was present.

45. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 knew, or should have known, that any departure from ordinary care could result in the loss of life, limb, and/or property.

46. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10's improper manufacturing, assembly, designing, installation, inspecting, testing, and selling of, and/or failure to warn with respect to the washing machine hose assembly was in complete disregard of the rights and safety of Herrick and Herrick's property, and was in complete disregard of the consequences of said improper acts or omissions.

47. Despite the aforementioned knowledge held by Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10, these Defendant(s) negligently, carelessly and/or recklessly improperly manufactured, assembled, designed, installed, inspected, tested, and/or sold, and/or failed to warn with respect to, the washing machine hose assembly, and such acts and/or omission was undertaken in complete disregard of the rights and/or safety of Herrick and Herrick's property.

48. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10's failures to abide by the required standard of conduct and by the duty owed to Herrick were in and of themselves an extreme departure from ordinary care.

9

8037956.1

49. Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 did not act out of mere mistake resulting from inexperience, excitement, confusion, thoughtlessness, inadvertence, or simple inattention.

50. As a direct and proximate result of the aforesaid acts of negligence, carelessness and/or recklessness of Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10, the aforementioned water loss occurred and caused Herrick to sustain severe and substantial damages, exclusive of interest and costs of this action.

**WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, for the damages sustained as a result of Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10's acts and/or omissions, pre-judgment and post-judgment interest, costs of this suit, and such other relief as this Court may order.

## COUNT III – BREACH OF EXPRESS AND IMPLIED WARRANTIES

51.     The averments of Paragraphs 1 through 52 above are incorporated herein by reference as though more fully set forth below.

52.     Upon information and belief, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 impliedly warranted to Herrick that its manufacturing, assembly, distribution, design, installation, inspection, and/or testing, and/or warning with respect to, the washing machine hose assembly would be such that the washing machine hose assembly would be proper and free of defects that could result in damage to persons or property, including the Premises and Herrick's personal property.

10

53.     In marketing and offering the washing machine hose assembly for sale and use, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 impliedly warranted that the washing machine hose assembly was safe for its intended use(s).

54.     As more fully set forth above, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 did not conform to these implied warranties because the washing machine hose assembly caused a water loss.

55.     Upon information and belief, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10's false representations, warranties and guarantees was part of the basis for Herrick entering into an agreement to purchase the washing machine and the washing machine hose assembly.

56.     At the time of the making of the warranties, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 knew or should have known of the risks posed by the washing machine hose assembly when used for the purpose for which such parts were intended.  Nonetheless, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 warranted the product to be safe, effective and proper for its intended use, without ameliorating the risks and without warning about the risks posed.

57.     Because the washing machine hose assembly was not safe, effective or proper when used for the customary purpose for which intended, Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 did not conform to its representations and warranties.

58.     Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 breached their implied warranties, by failing to:

    a.  perform all tasks required of them pursuant to the pertinent contracts, safety codes and other applicable codes;

    b.  satisfy all appropriate industry standards and guidelines; and

    c.  properly warn, and by, in general, acting in so negligent, careless and/or reckless a manner in the marketing, manufacturing, assembly, distribution, design, sale, installation, inspection, and testing of the washing machine hose assembly so as to evince a complete disregard for the safety and property of others, including the Premises and Herrick's personal property.

59.    Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 breached their implied warranties when they negligently, carelessly and/or recklessly failed to properly design, market, manufacture, assemble, install, inspect, test, and sell, and/or warn with respect to, the washing machine hose assembly in a manner which created a dangerous condition and/or increased the risk of harm to the Premises and Herrick's personal property.

60.    As a direct and foreseeable result of Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10's breach of the warranties and conditions under which Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10 sold the washing machine hose assembly and its component parts, Herrick sustained severe and substantial damages, exclusive of interest and costs of this action.

61.    **WHEREFORE,** Plaintiff demands judgment against Defendants, jointly and severally, for the damages sustained as a result of Hose Assembly, Home Depot, ABC Corporation(s) 1-10, and/or John Doe(s) 1-10's acts and/or omissions, pre-judgment and post-judgment interest, costs of this suit, and such other relief as this Court may order.

8037956.1

**WHEREFORE**, Plaintiff demands judgment in his favor on all above Counts of the Complaint and against all Defendants, jointly and severally, for:

1.    Compensatory Damages;

2.    Attorneys' Fees, costs, interest; and

3.    Such other relief as the Court deems just and proper.

Dated: February 22, 2022

Yours, etc.

LOFTUS & LOFTUS PC

   /s/ Patrick J. Loftus III
Patrick J. Loftus III (BBO 303310)
Katherine C. Loftus (BBO 692288)
732 East Broadway, South Boston, MA
617-268-7777
pjl@loftusandloftuspc.com
kcl@loftusandloftuspc.com

CLAUSEN MILLER P.C.

By:    /s/ Robert Stern
Robert A. Stern, Esq.
Douglas M. Allen, Esq.
28 Liberty Street, 39th Floor
Massachusetts, MA 10005
(212) 805-3900
(212) 805-3939 (fax)

Defendants' addresses:

HOSE ASSEMBLIES, INC.
1906 E. McKinley Avenue
Mishawaka, Indiana 46545

THE HOME DEPOT, INC.
2455 Paces Ferry Road NW
Atlanta, GA  30339

13

8037956.1

"ABC CORPORATION"(S) 1-10
c/o Massachusetts Secretary of State

"JOHN DOE"(S) 1-10
c/o Massachusetts Secretary of State

8037956.1

| CIVIL ACTION COVER SHEET | DOCKET NUMBER<br>22 0128 | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|



**COUNTY** Hampden Superior Court (Springfield)

| Plaintiff | Robert Herrick | Defendant: | Hose Asemblies, Inc. |
|---|---|---|---|
| ADDRESS: | 70 Pineridge Drive | ADDRESS: | 1906 E. McKinley Ave, Mishawaka, Indiana 46545 |
| Westfield MA 01085 | | | |
| | | | |
| Plaintiff Attorney: | Patrick J. Loftus III & Katherine C. Loftus | Defendant Attorney: | |
| ADDRESS: | 732 East Broadway, South Boston MA 02127 | ADDRESS: | 02/22/2022 |
| | | | |
| BBO: | 303310 & 692288 | BBO: | |

### TYPE OF ACTION AND TRACK DESIGNATION (see instructions section below)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B04 | Property Damage | F | ☒ YES ☐ NO |

**\*If "Other" please describe:**

| Is there a claim under G.L. c. 93A? | Is there a class action under Mass. R. Civ. P. 23? |
|---|---|
| ☐ YES ☒ NO | ☐ YES ☒ NO |

### STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**

A. Documented medical expenses to date

    1. Total hospital expenses

    2. Total doctor expenses

    3. Total chiropractic expenses

    4. Total physical therapy expenses

    5. Total other expenses (describe below)

                             Subtotal (1-5): **$0.00**

B. Documented lost wages and compensation to date

C. Documented property damages to date

D. Reasonably anticipated future medical and hospital expenses

E. Reasonably anticipated lost wages

F. Other documented items of damages (describe below)     **$548,493.00**

                          TOTAL (A-F):    **$548,493.00**

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

Property damage due to leak originating from washing machine

### CONTRACT CLAIMS

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).

| Item # | Detailed Description of Each Claim | Amount |
|---|---|---|
| 1. | | |
| | Total | |

Signature of Attorney/Unrepresented Plaintiff: X   Patrick J. Loftus III         Date:   February 22, 2022

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

### CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

Signature of Attorney/Unrepresented Plaintiff: X   Patrick J. Loftus III         Date:   February 22, 2022

SC0001-1/23/2021                www.mass.gov/courts              Date/Time Printed:02-22-2022 12:40:0

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

### AC Actions Involving the State/Municipality *

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

### CN Contract/Business Cases

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A08 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated party, UNLESS your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

### ER Equitable Remedies

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

### PA Civil Actions Involving Incarcerated Party †

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

### TR Torts

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

### RP Summary Process (Real Property)

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

### RP Real Property

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

### MC Miscellaneous Civil Actions

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

### AB Abuse/Harassment Prevention

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

### AA Administrative Civil Actions

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (X) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (X) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (X) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

### SO Sex Offender Review

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

### RC Restricted Civil Actions

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES   ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

## A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
## FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
## MAY RESULT IN DISMISSAL OF THIS ACTION.

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN COUNTY, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION No. 22 0128

------------------------------------------------------------

ROBERT HERRICK,

                Plaintiff,

        -against-

HOSE ASSEMBLIES, INC., THE HOME DEPOT, INC.,
"ABC CORPORATION"(S) 1-10, and "JOHN DOE"(S)
1-10.

                Defendants.

------------------------------------------------------------

**COMPLAINT**


**02/22/2022**


MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

       In accordance with the provisions of Rule 4(c) of the Mass. R. Civ. P., the undersigned,

hereby moves this Honorable Court for the appointment of RUSSELL C. CASTAGNA and/or

New England Constables and Associates, as process server in the above entitled action. The

undersigned swears that to the best of his knowledge and belief the person to be appointed

process server is a Constable who is experienced in the service of process, is 18 years of age or

over and is not a party to this action.


                                Respectfully submitted,

                                BY:   /s/ Patrick J. Loftus III
                                Patrick J. Loftus, III (BBO 303310)
                                Katherine C. Loftus (BBO 692288)
                                The Office at Broadway
                                732 East Broadway
                                South Boston, MA 02127
                                Phone: (617) 268-7777
                                pjl@loftusandloftus.com
                                kcl@loftusandloftus.com

3

| CIVIL TRACKING ORDER (STANDING ORDER 1- 88) | DOCKET NUMBER 2279CV00128 | Trial Court of Massachusetts The Superior Court |
|---|---|---|

| CASE NAME: Robert Herrick vs. Hose Assemblies, Inc et al | Laura S Gentile, Clerk of Courts |
|---|---|

| TO: File Copy | COURT NAME & ADDRESS Hampden County Superior Court Hall of Justice - 50 State Street P.O. Box 559 Springfield, MA 01102 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

**STAGES OF LITIGATION** | **DEADLINE**

| | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 05/23/2022 | |
| Response to the complaint filed (also see MRCP 12) | | 06/22/2022 | |
| All motions under MRCP 12, 19, and 20 | 06/22/2022 | 07/22/2022 | 08/22/2022 |
| All motions under MRCP 15 | 06/22/2022 | 07/22/2022 | 08/22/2022 |
| All discovery requests **and depositions** served and non-expert depositions completed | 12/19/2022 | | |
| All motions under MRCP 56 | 01/18/2023 | 02/17/2023 | |
| Final pre-trial conference held and/or firm trial date set | | | 06/20/2023 |
| Case shall be resolved and judgment shall issue by | | | 02/22/2024 |

**The final pre-trial deadline is not the scheduled date of the conference.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED 02/23/2022 | ASSISTANT CLERK Stephanie A Roscoe | PHONE (413)735-6016 |
|---|---|---|

Date/Time Printed: 02-23-2022 12:03:33

SCV026\ 08/2018

COMMONWEALTH OF MASSACHUSETTS

HAMPDEN COUNTY, ss

SUPERIOR COURT DEPARTMENT
CIVIL ACTION No.  22  0128

--------------------------------------------------------------

ROBERT HERRICK,

                    Plaintiff,

          -against-

**COMPLAINT**

HOSE ASSEMBLIES, INC., THE HOME DEPOT, INC.,
"ABC CORPORATION"(S) 1-10, and "JOHN DOE"(S)
1-10.

**02/22/2022**

                    Defendants.

--------------------------------------------------------------

## MOTION FOR APPOINTMENT OF SPECIAL PROCESS SERVER

In accordance with the provisions of Rule 4(c) of the Mass. R. Civ. P., the undersigned,

hereby moves this Honorable Court for the appointment of RUSSELL C. CASTAGNA and/or

New England Constables and Associates, as process server in the above entitled action. The

undersigned swears that to the best of his knowledge and belief the person to be appointed

process server is a Constable who is experienced in the service of process, is 18 years of age or

over and is not a party to this action.

                                        Respectfully submitted,

                                        BY:  /s/ Patrick J. Loftus III
                                        Patrick J. Loftus, III (BBO 303310)
                                        Katherine C. Loftus (BBO 692288)
                                        The Office at Broadway
                                        732 East Broadway
                                        South Boston, MA 02127
                                        Phone: (617) 268-7777
                                        pjl@loftusandloftus.com
                                        kcl@loftusandloftus.com

Allowed. Mountsas, J. 2/23/2022

3